Brendan W. Brandt, State Bar #15063
*Brendan.Brandt@varnerbrandt.com*
Michelle M. Wolfe, State Bar #156666
*Michelle.Wolfe@varnerbrandt.com*
**VARNER & BRANDT LLP**
3750 University Avenue, Suite 610
Riverside, California 92501
Telephone: (951) 274-7777
Facsimile: (951) 274-7770

Attorneys for Defendant, KUEHNE + NAGEL INC.
(erroneously served and sued as
KUEHNE + NAGEL, INC.)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SCOTT an individual, and all other similarly situated employees; <br><br> Plaintiff, <br><br> vs. <br><br> KUEHNE + NAGEL, INC.; and DOES 1 through 100, inclusive; <br><br> Defendants. | San Bernardino County Superior Court Case No. CIVDS 1707477 <br><br> District Court Case No. 17-1147 <br><br> **NOTICE OF REMOVAL OF CLASS ACTION BY DEFENDANT KUEHNE + NAGEL INC. PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** <br><br> **(DIVERSITY OF CITIZENSHIP AND CAFA)** <br><br> Complaint Filed: April 21, 2017 |

///
///
///
///

1
**NOTICE OF REMOVAL BY DEFENDANT**

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT KUEHNE + NAGEL INC. ("Defendant" or "K+N"), is a Defendant in a civil class action styled *CHARLES SCOTT, an individual, and all other similarly situated employees v. KUEHNE + NAGEL, INC.; and DOES 1 through 100, inclusive,* Case No. CIVDS 1707477, which has been served and filed in the Superior Court of California, County of San Bernardino, San Bernardino Justice Center. Pursuant to U.S.C. §§ 1332, 1441 and 1446, K+N removes this action to the United States District Court for the Central District of California, Eastern Division, which is the judicial district and division in which the action is pending. Removal is proper for the following reasons:

1. On April 21, 2017, Plaintiff commenced this action by filing the Class Action Complaint ("Complaint") with the Superior Court of California, County of San Bernardino. Ex. A, Complaint.

1. On May 12, 2017, Plaintiff personally served K+N's registered agent for service of process, with the Summons (Ex. B) and Complaint.

2. True and correct copies of all documents filed or served by the parties during the pendency of this case in the Superior Court of California for the County of San Bernardino prior to the filing of this Notice of Removal, including the Complaint, are attached as Exhibits A through E. A copy of the Complaint is attached as Exhibit A. A copy of the Summons is attached as Exhibit B. A copy of the Notice of Service of Process is attached as Exhibit C. A copy of the Civil Case Cover Sheet is attached as Exhibit D. A copy of Certificate of Assignment is attached as Exhibit E. No other pleadings, process, or orders have been filed by K+N or served on K+ H in the State Court Action.

2. The State Court Action was commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2 (enacted Feb. 18, 2005), codified at 28 U.S.C. §§ 1332(d), 1453, and 1711-15.

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

3. Plaintiff seeks to represent himself and all other similarly situated current and former hourly-paid or non-exempt employees of K+N who worked for K+N in the State of California at any time during the period commencing four (4) years prior to the filing of the Complaint (collectively, "the Proposed Class") Ex. A, ¶ 13.

4. Plaintiff seeks to certify a class, on behalf of himself and on behalf of the Proposed Class, for damages arising for Violation of California *Business & Professions Code* § 17200 *et seq* for alleged: failure to pay overtime, failure to provide meal periods, failure to provide rest periods, failure to pay minimum wages, failure to timely pay wages upon termination, failure to provide compliant wage statements, failure to keep complete or accurate payroll records and failure to reimburse necessary business-related expenses. Ex. A, ¶¶ 12-63. More specifically, Plaintiff seeks recovery of alleged wages owed, penalties, restitution, attorney's fees, costs, interest, and injunctive relief. Ex. A, ¶¶ 61, 62, 63, p.p. 13-14 (Prayer).

## THE REQUIRMENTS FOR REMOVAL UNDER THE CAFA ARE SATISFIED

5. Pursuant to CAFA, when the number of Proposed Class members defined in a complaint exceeds 100, a federal district court has original jurisdiction over any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant. 28. U.S.C. § 1332(d)(2)(A).

6. Also, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28. U.S.C. § 1332(d)(6).

7. As discussed below, for purposes of determining diversity jurisdiction, the requirements for this Court's exercise of diversity jurisdiction under CAFA is satisfied in this case.

### Putative Class Numericity under CAFA

8. A threshold requirement of CAFA is that there must be at least 100 Proposed Class members. 28 U.S.C. §1332(d)(5)(B). The requirement is easily satisfied here. K+N has reviewed its records, and Plaintiff seeks to represent the Proposed Class, which totals approximately 858 hourly paid, non-exempt current and former employees employed in the State of California from April 21, 2013 to present. (Declaration of David Beegle)(Hereinafter "Beegle Decl.")

### Diversity of Citizenship under CAFA

9. For purposes of establishing federal jurisdiction, CAFA requires only minimal diversity, that is, at least one purported class member must be a citizen of a state different from the state of citizenship of any named defendant. 28 U.S.C. § 1332(d)(2)(A).

10. Here, Plaintiff admits to being a resident of the State of California and the Proposed Class that Plaintiff seeks to represent is encapsulated by "All current and former hourly-paid or non-exempt individuals employed by any of the Defendants within the State of California at any time during the period from four years preceding the filing of the Complaint to final judgment." Ex. A, ¶¶ 5, 13.

11. K+N does maintain a facility located in the City of Redlands, County of San Bernardino, State of California. This is the location where Plaintiff was formerly employed.

12. Defendant K+N is a citizen of the State of New Jersey. Defendant K+N is a corporation incorporated in New York with its headquarters and principle place of business located at 10 Exchange Place, 19h Floor, Jersey City, New Jersey 07302. ("Beegle Decl."). K+N is a citizen of the State of New Jersey.

13. Therefore, minimum diversity under 28 U.S.C.§1332(d)(2)(A) is established. K+N is the only named defendant, and the citizenship of any Doe Defendants sued under fictitious names should be disregarded for purposes of determining diversity of citizenship. 28 U.S.C. § 1441(b)(1). Plaintiff is a resident

of California. K+N is a citizen of New York and New Jersey. Thus, there is diversity of citizenship under 28 U.S.C. § 1332(a).

### Amount in Controversy under CAFA

14. Pursuant to the United States Supreme Court's decision in *Dart Cherokee Basin Operating Co. v Owens*, (2014) 135 S.Ct. 547, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

15. Pursuant to CAFA, the claims of the individual members in a proposed class action are aggregated to determine if the amount-in-controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(6); *Standard Fire Ins. Co v Knowles* (2013) 133 S. Ct. 1345, 1348.

16. In the Ninth Circuit, the level of proof required to satisfy CAFA's amount-in-controversy requirement is a preponderance of the evidence. *Rodriguez v. AT&T Mobility Services, LLC* (9th Cir. 2013) 728 F.3d 97, 977. The preponderance of the evidence standard also applies if the complaint contains affirmative allegation that the amount in controversy does not exceed $5,000,000. *Id.* at 981 ("district courts must necessarily 'look beyond the four corners of the complaint' when the complaint alleges damages below the jurisdictional minimum (*quoting* now overruled *Lowdermilk v. U.S. Bank National Ass'n* (9th Cir. 2007) 479 F.3d 994).

17. K+N denies that a class is the proper vehicle for Plaintiff's claims or that K+N is liable for any such claims, but has calculated the amount in controversy for purposes of this notice by taking Plaintiff's Complaint at face value.

18. To meet this standard of proof, the defendant must provide evidence that it is more likely than not that the amount in controversy satisfies the federal diversity jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 102 F.3d 398, 404. A removing defendant is not obligated to "research, state and prove the plaintiff's claims for damages." *Ellis v. Pacific Bell*

*Telephone Co.* (C.D. Cal. Feb 10, 2011) No. SACV 10-01141-CVC(FFMx), 2011 WL 499390, at *1.

19. In the Complaint, Plaintiff alleges and seeks, on behalf of himself and on behalf of the Proposed Class, damages for alleged: failure to pay overtime, failure to provide meal periods, failure to provide rest periods, failure to provide minimum wages, failure to timely pay wages upon termination, failure to pay timely wages during employment, failure to provide compliant wage statements, failure to keep complete or accurate payroll records, failure to reimburse necessary business expenses as well as unfair competition violations under California *Business & Professions Code* § 17200 et seq. Ex. A, ¶¶ 12-63. More specifically, Plaintiff seeks recovery of alleged wages owed, penalties, restitution, attorney's fees, costs, interest, and injunctive relief. Ex. A, ¶¶ 61,62, 63, pp. 13-14 (Prayer).

20. The Complaint is facially silent on the total amount in controversy. However, as detailed below, even the alleged compensatory damages alone without even addressing the failure to provide accurate wage statement penalties, exceed the $5,000,000 jurisdictional threshold amount.

21. Plaintiff does not allege in his Complaint the rate at which violations by K+N occurred but a 100% violation rate can be assumed for some of his claims based upon the allegations in accordance with this Court's case law. *See Coleman v. Estes Express Lines, Inc., supra,* 730 F. Supp. 2d at 1150 ("Plaintiff included no limitation on the number of violations, and taking his complaint as true, Defendants could properly calculate the amount in controversy based on a 100% violation rate.").

22. In a Notice of Removal, the defendant carries the burden to rely on "reasonable assumptions" for purposes of calculating the amount in controversy. *Ibarra v. Manheim Investments, Inc., supra,* 775 F.3d 1193 at 1198.

23. Here, for purposes of calculating the violation rate for the Proposed Class members, an analysis of the Complaint indicates Plaintiff alleges that a 100%

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

violation rate on unpaid overtime. The Complaint states definitively that "At all material times set forth herein, Defendants (sic) failed to pay overtime wages to Plaintiff and the other class members for all hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per weeks without overtime compensation." The Plaintiff alleges that Defendant failed to pay for "all hours worked" and in the Complaint Plaintiff defines the relevant time frame as "during the period from four years preceding the filing of the Complaint to final judgment." Thus, Plaintiff's Complaint is alleging a 100% violation rate on overtime. Ex. A, ¶ 13, 37. Based upon Plaintiff's allegations of a failure to pay overtime wages for all class members, K+N employees are alleged to have worked an 8-hour shift five times a week. However, being conservative, K+N reasonably assumes a 20% violation rate for the overtime portion of Plaintiff's unpaid wage claim. (1 violation or hour of overtime for every week of work).

24. Plaintiff alleges that the "At all relevant times set forth herein, Defendants (sic) failed to provide the requisite uninterrupted meal and rest periods to Plaintiff and the other class members." Ex. A, ¶ 38.

25. Plaintiff further alleges as to meal periods that "Defendants (sic) knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed." Ex. A, ¶¶ 27, 28. Based upon these allegations, K+N reasonably assumes that a minimum of one time per week a meal period was not provided nor was the meal premium paid. This conservatively equates to a 20% violation rate (1 missed meal period for every work week).

26. Plaintiff further alleges as to rest periods that "Defendant knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members regular rate of pay when a rest period was missed." Ex. A, ¶¶ 29, 30. Accordingly, K+N also assumes a 20% violation rate for rest period premium pay for all employees on the basis of this allegation. (1 missed rest period for every week worked)

27. Any violation in a pay period, of which many are alleged for all employees, results in a 100% violation for each pay period for the purpose of calculating damages for improper wage statements under California *Labor Code* § 203.

28. Thus, based upon the allegations in the Complaint and reasonable assumptions that flow from those allegations, these violation rates should meet K+N's burden of relying on a "reasonable assumption" for purposes of calculating the amount in controversy. *Ibarra v. Manheim Investments, Inc., supra,* 775 F.3d at 1198.

### *Failure to Pay Wages and Overtime*

29. Plaintiff's claim for failure to pay wages and overtime consists unpaid overtime for hours worked over 8 in a day and/or forty hours in a week. Ex. A, ¶¶ 24, 32, 37 &51.

30. The Proposed Class members for the relevant time period (starting 4 years before the filing of the Complaint to April 13, 2017) total 858 Californian employees which include 639 weekly paid employees who earned an average hourly rate of $13.65, and 243 semi-monthly paid employees who earned an average hourly rate of earning $22.95.[1]

31. The Proposed Class members worked the equivalent of 1005 work days during the relevant time period. The 639 weekly paid employees earned an average hourly rate of $13.65, and thus their overtime rate is $21.00/hour. The 243 semi-

---

[1] A few dozen employees were switched from hourly to semi-monthly or vice versa during their employment tenure.

monthly paid employees earned $22.95, thus their overtime rate is $35.00/hour. As discussed above, with the 20% assumed violation rate, the amount of days there was a violation is calculated as follows: 1005 days x .2 = 201 days where overtime was unpaid.

32. For those 639 weekly paid employees, as discussed above, with the 20% assumed violation rate, the amount Plaintiff has put into controversy for the alleged unpaid hours of overtime is calculated as 201 x $21.00 = $4,221.00 x 639 employees = **$2,697,219.00**. For the 243 semi-monthly paid employees, the alleged unpaid hours of overtime is calculated as 201 x $35.00 = 7,035.00 x 243 equaling **$1,709,505.00**. These two amounts combined total **$4,406,724.00** at issue for the alleged overtime claims.

### *Failure to Provide Meal and Rest Periods*

33. Plaintiff alleges in general terms that he and all Proposed Class members were denied all meal periods. California *Labor Code* § 227.6 provides that "[i]f an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

34. At the conservative assumed violation rate of 20%, calculated as 20% of 1005 workdays = 201 missed meal periods. The amount due to the 639 weekly paid employees at the average hourly rate of $13.65 is calculated as 201 meal periods x 639 employees x $13.65/hour = **$1,753,193.00**

35. The other 243 semi-monthly paid employees, calculated as 20% of 1005 workdays = 201 missed meal periods. The amount due to the 243 semi-monthly paid employees at the average hourly rate of $22.95 is calculated as 201 meal periods x 243 employees x $22.95/hour = **$1,120,947.00.** These combined amounts to **$2,874,140.00** for alleged meal period premium payments under this claim.

36. The calculation of rest break premiums would be identical the missed meal period claims above. "Defendants (sic) knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members regular rate of pay when a rest period was missed." Ex. A, ¶ 29. At the conservative assumed violation rate of 20%, calculated as 20% of 1005 workdays = 201 missed rest periods. The amount due to the 639 weekly paid employees at the average hourly rate of $13.65 is calculated as 201 missed rest periods x 639 employees x $13.65/hour = **$1,753,193.00**. The amount due to the 243 semi-monthly paid employees at the average hourly rate of $22.95 is calculated as 201 hours x 243 employees x $22.95 = **$1,120,947.00**. These combined amounts to **$2,874,140.00** for alleged rest period premium payments.

37. The sum of both meal and rest period premiums alleged due under these claims at a minimum, is **$5,748,280.00** in controversy.

### *Waiting Time Penalties*

38. California Labor Code § 203 provides waiting time penalties when there is a willful failure to pay wages due the employee at conclusion of the employment relationship in accordance with *Labor Code* §§ 201 & 201. Plaintiff's Complaint alleges K+N "failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation" and that failure was in "violation of *Labor Code* §§ 201 or 202." Ex. A, ¶¶ 31, 40 & 55.

39. The penalty under California *Labor Code* § 203 is measured at the employee's daily rate of pay and is calculated by multiplying the daily wage by the number of days that the employee was not paid after termination, up to a maximum of 30 days.

40. Waiting time penalties are subject to a three-year statute of limitations period, so the time for consideration for the amount in controversy analysis is three years prior to the filing of the Complaint, or April 21, 2013. During that time frame there were at least 236 weekly paid employees earning an average hourly rate of $13.77 and 65 semi-monthly paid employees earning an average hourly rate of $23.33 who ceased working for K+N.

41. For the weekly paid employees, the daily amount due for each employee is calculated as 8 hours x the average hourly rate of $13.77. The daily rate due this set of employees would therefore be $ 11.00 ($13.77 x 8).[2] This daily rate is then multiplied by 30 days for each of the 236 weekly paid employees ($111.00 x 30 x 236), totaling **$ 785,880.00**.

42. For the semi-monthly paid former employees, their average hourly rate is $23.33 and they were scheduled for a standard 8-hour day. Accordingly, their daily rate for the waiting time penalty is calculated as $ ($23.33 x 8). This daily rate is then multiplied by 30 days for each of the 65 semi-monthly paid employees ($187.00 x 30 x 65), totaling **$ 364,650.00**.

43. Combined waiting time penalties as alleged in Complaint puts **$1,150,530.00** in controversy.

### *Ascertainable Amount in Controversy for Damages and Penalties*

44. In sum, the conservative minimum ascertainable amount in wages and penalties at issue totals **$11,305,534.00**.

### *Attorneys' Fees*

45. Plaintiff also seeks attorney's fees, among other things. "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.* (9th Cir. 2007) 506 F.3d 696, 700; *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

---

[2] Arguably this could be increased by overtime on the hours over 8 as alleged in the Complaint, but the more conservative straight time number is used in this calculation.

1998) (recoverable attorney's fees can be considered for an analysis of the amount in controversy). Plaintiff seeks alleged attorney's fees which are authorized pursuant to California *Labor Code* § 218.5. Ex. A, ¶¶ 24, 34, 39, 42, p. 13 (Prayer). The Ninth Circuit has established 25% of the common fund as a benchmark award for attorney's fees in wage and hour class actions. *Hanlon v Chrysler Corp.* 150 F.3d 1011, 1029 (9th Cir. 1998); *Six (6) Mexican Workers v. Arizona Citrus Growers,* 904 F. 2d 1301, 1311 (9th Cir. 1990).

46. Applying the 25% level for attorney's fees to the currently ascertainable alleged wages and penalties of $ insert total for wages and penalties results in an attorney's fees amount of **$ 2,826,384.00**.

47. Thus, including attorney's fees, the entire amount in controversy is **$14,131,918.00** .

### CAFA's Amount in Controversy Requirements Are Met

48. CAFA's minimum $5,000,000 threshold is met.

49. This Court has jurisdiction of this action pursuant to CAFA.

50. This Notice of Removal is filed within thirty (30) days of the receipt of service of the Plaintiff's Complaint as required by 28 U.S.C. § 1446(b). Therefore, this matter may be removed by K+N under 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 84, San Bernardino County is within the Eastern Division of the United States District Court for the Central District of California. Therefore, this Court is the proper Court for removal of this action.

51. A copy of this Notice of Removal of Action is being filed with the Clerk of the Superior Court of the State of California, County of San Bernardino County, San Bernardino Justice Center and will be served on Plaintiff as indicated in the attached Certificate of Service.

52. As K+N is the only named defendant in this action, all defendants who have been properly served at the time of removal have consented in writing to the removal.

53. Attached to this Notice as Exhibits A through E are true and correct copies of all pleadings and process served on K+N or filed in this action.

WHEREFORE, K+N respectfully requests that the above-entitled action be removed in its entirety from the Superior Court of California, County of San Bernardino – San Bernardino Justice Center.

Dated: June 9, 2017                    Respectfully submitted,

                                          VARNER & BRANDT LLP

                                          By: */s/ Brendan Brandt*
                                              Brendan W. Brandt
                                              Michelle M. Wolfe
                                              Attorneys for Defendant,
                                              KUEHNE + NAGEL INC.

Varner & Brandt LLP
3750 University Avenue, Suite 610
Riverside, California 92501
(951) 274-7777

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF RIVERSIDE

I am employed in the County of Riverside, State of California. I am over the age of 18 years and not a party to the within action; my business address is: 3750 University Avenue, Suite 610, Riverside, CA 92501. On May 5, 2017, I served copies of the within documents described as **NOTICE OF REMOVAL BY DEFENDANT** on the interested parties in this action in a sealed envelope addressed as follows:

**See attached Service List**

[X] **BY MAIL** - I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day in the ordinary course of business, with postage thereon fully prepaid at Riverside. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY CM/ECF SYSTEM** - I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants listed on the attached Service List.

[ ] **BY EXPRESS MAIL/OVERNIGHT DELIVERY** - I caused such envelope to be delivered by hand to the office of the addressee via overnight delivery pursuant to C.C.P. § 1013(c), with delivery fees fully prepaid or provided for.

[ ] **BY FACSIMILE** - I caused such document to be delivered to the office of the addressee via facsimile machine pursuant to C.C.P. § 1013(e). Said document was transmitted to the facsimile number of the office of the addressee from the office of Varner & Brandt, LLP, in Riverside, on the date set forth above. The facsimile machine I used complied with California *Rules of Court*, Rule 2003(3) and no error was reported by the machine. Pursuant to California *Rules of Court*, Rule 2009(i), I caused the machine to print a record of the transmittal, a copy of which is attached to this declaration.

[ ] **BY ELECTRONIC/EMAIL** - I caused such document to be delivered to the office of the addressee via electronic e-mail pursuant to C.C.P. §1013(a). Said document was transmitted to the email address of that office which is listed on the above Service List. Said document was served electronically and the transmission was reported as complete and without error.

[X] **FEDERAL** - I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 5, 2017, at Riverside, California.

_____
Jeanette Cuevas

# SERVICE LIST

Re: *Charles Scott v. Kuehne +Nagel, Inc.*
SBSC CIVDS1707477

Lawyers for Justice, P.C.
410 West Arden Avenue, Suite 203
Glendale, CA 91203
Telephone: (818) 265-1020

*Attorney for Plaintiff,*
*Charles Scott*